UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI LYNN SHEAFFER,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.  EDCV 08-0998-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On July 30, 2008, Naomi Lynn Sheaffer ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of her application for Supplemental Security Income benefits.  On August 13, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On August 15, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.  Thereafter, on December 29, 2008, defendant filed an Answer to the Complaint.  On April 29, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

## BACKGROUND

On January 20, 2006, plaintiff filed an application for Supplemental Security Income benefits alleging a disability onset date of December 1, 2005. (Administrative Record ["AR"] at 65-67). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 42, 43). Thereafter, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 55).

On January 31, 2008, the ALJ conducted a hearing in San Bernardino, California. (See AR at 19-41). Plaintiff appeared at the hearing with counsel and testified. (AR at 22-29, 36-37). Stephen M. Berry, a vocational expert (AR at 35-39), and Greg Vineyard, plaintiff's stepfather (AR at 29-35), also appeared at the hearing and testified. On March 13, 2008, the ALJ issued his decision denying benefits to plaintiff. (AR at 8-18). The ALJ determined that plaintiff had the following severe impairments: a seizure disorder vs. dissociate phenomena and a bipolar disorder. (AR at 10-11). The ALJ found that plaintiff's conditions did not meet or equal any of the impairments contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). The ALJ determined that plaintiff retained the residual functional capacity to do a range of medium exertional work as defined in 20 C.F.R. § 416.967(c).[1] (AR at 12). The ALJ found that plaintiff's residual functional capacity precluded plaintiff from engaging in her past relevant work as a fast food worker, but that other jobs existed in significant numbers in the national economy that plaintiff could perform. (AR at 17-18). Accordingly, the ALJ concluded that plaintiff was not disabled through the date of the decision. (AR at 18). The Appeals Council denied plaintiff's timely request for review of the ALJ's decision. (AR at 1-3).

---

[1] Specifically, the ALJ determined plaintiff could only occasionally climb ramps or stairs or balance, could not climb ropes, scaffolds or ladders, and should avoid hazardous machinery and heights. The ALJ determined plaintiff was moderately limited in her ability to understand, remember or carry out detailed instructions, sustain an ordinary routine without special supervision, complete a normal work-day and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, and in her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes. The ALJ limited plaintiff to non-public work that entails simple repetitive tasks. (AR at 12).

Thereafter, plaintiff appealed to the United States District Court.

## PLAINTIFF'S CONTENTIONS

Plaintiff makes the following claims:

1.  The ALJ failed to properly consider the opinion of Robert A. Moore, M.D., a consultative examiner, who opined that plaintiff should not work around moving machinery or operate a motor vehicle.

2.  The ALJ failed to include the environmental restrictions assessed by Dr. Moore in the hypothetical he presented to the vocational expert.

3.  The ALJ erred in his conclusion that plaintiff could perform the requirements of the job of laundry worker II.

4.  The ALJ failed to properly consider plaintiff's Global Assessment of Functioning ("GAF") as assessed by Kari Enge, M.D., plaintiff's treating psychiatrist.

5.  The ALJ failed to meet his duty to develop the record with regard to the precise definition of the word "moderate" as used by the ALJ in his examination of the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Case 5:08-cv-00998-VBK   Document 20   Filed 06/02/09   Page 4 of 8   Page ID #:558

**DISCUSSION**

A. <u>The Sequential Evaluation</u>

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. <u>Parra v. Astrue</u>, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. <u>Parra</u>, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. <u>Id.</u> If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006).

B. <u>Robert A. Moore, M.D.</u>

Plaintiff contends that the ALJ failed to properly consider the environmental limitations

4

assessed by Robert A. Moore, M.D., a consultative examiner who conducted a neurological evaluation of plaintiff on June 5, 2006. In the report documenting his evaluation, Dr. Moore indicated plaintiff should not climb, balance, work at unprotected heights, work around moving machinery, or operate a motor vehicle. (AR at 441). Plaintiff argues that although the ALJ stated in his decision that he gave Dr. Moore's findings "great weight" (AR at 13), the ALJ failed to include Dr. Moore's opinion that plaintiff should not work around moving machinery or operate a motor vehicle in plaintiff's residual functional capacity. (Joint Stipulation at 4-5).

The ALJ is charged with determining a claimant's residual functional capacity based upon an evaluation of the evidence as a whole. See 20 C.F.R. § 416.945; Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (The ALJ is responsible for determining credibility and resolving conflicts in medical testimony). The opinion of a consultative examiner, such as Dr. Moore, may be relied upon by the ALJ to determine a claimant's residual functional capacity if the opinion is supported by clinical tests and observations upon examination. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion may constitute substantial evidence when based on independent clinical findings); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). An ALJ may, however, reject all or part of an examining physician's report if it contains inconsistencies, is conclusory, or inadequately supported by clinical findings. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

In the decision, the ALJ noted that Dr. Moore, a board certified psychiatrist and neurologist, examined plaintiff on June 5, 2006. (AR at 13; see AR at 439-42). The ALJ noted that Dr. Moore concluded that regardless of whether plaintiff suffers from a seizure disorder or dissociate phenomena, she should not climb, balance, work at unprotected heights, work around moving machinery, or operate a motor vehicle. (AR at 13; see AR at 441). The ALJ also noted that Dr. Moore found that plaintiff had no restrictions in terms of her ability to stand, sit, walk, bend, stoop, lift or carry, and noted that she could operate foot controls, sit in an unrestricted manner, and had unrestricted use of the upper extremities. (AR at 13; see AR at 442). The ALJ concluded that "[t]here is no evidence to repute Dr. Moore's logical conclusions and they are given great weight." (AR at 13). The ALJ went on to note that two board certified

state agency review physicians concurred with Dr. Moore's conclusions and opinions, and made Dr. Moore's findings more persuasive. (AR at 13 (citing AR at 444-48, 449-66)). The ALJ noted that the review physicians agreed that plaintiff "is essentially not disabled," and imposed no limitations other than precluding her from work at unprotected heights, around hazards, or around dangerous machinery, and recommended no driving of motorized vehicles unless approved by neurology treating physicians. (AR at 13 (citing AR at 447)).[2]

Notwithstanding the foregoing, however, the ALJ did not incorporate Dr. Moore's finding that plaintiff should not "work around moving machinery or operate a motor vehicle" (AR at 441) into plaintiff's residual functional capacity. (See AR at 12). Although the ALJ found that plaintiff should "avoid hazardous machinery and heights" (AR at 12), the ALJ failed to limit plaintiff's activities around moving machinery or preclude plaintiff from operating a motor vehicle. Here, the ALJ gave great weight to Dr. Moore's assessment and noted two review physicians concurred with Dr. Moore's assessment of plaintiff's limitations, which made his assessment even more persuasive. Although an ALJ may discredit a consultative examiner's opinion, the ALJ must give his reasons for doing so. See Thomas, 278 F.3d at 957. The Court cannot affirm a decision of an agency on a ground that the agency did not invoke in making its decision. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001). The Court cannot be left to speculate as to what those reasons would have been. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). The ALJ is responsible for resolving conflicts in the evidence and ambiguities, see Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989), and the regulations require the ALJ to explain in the decision the weight given to the opinion of a consultative examiner. 20 C.F.R. § 416.927(f)(2)(ii). Here, if the ALJ had specific reasons to omit Dr. Moore's restrictions as to moving machinery and operations of vehicles, the ALJ did not articulate any reasons in his decision. Although

---

[2] Although the ALJ cites to "Exhibits 10F, p.8" in the record, Exhibit 10F has only five pages. At page four of Exhibit 10F (AR at 447), the review physician noted, "No driving of motorized vehicles unless OK'd by neurology TP."

1  defendant argues that the ALJ did not include these limitations because he found little support
2  in the record for such limitations, the ALJ neither makes such a finding nor does he set forth
3  the specific reasons for such a finding in his decision. (See Joint Stip. at 7; AR at 12-13). In
4  fact, the ALJ reiterates Dr. Moore's findings, including plaintiff's restrictions around moving
5  machinery and operating vehicles, and concludes that "[t]here is no evidence to repute Dr.
6  Moore's logical conclusions and they are given great weight." (AR at 13).

**C.  Remand is Required to Remedy Defects in the ALJ's Decision**

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990).

Here, the Court finds remand appropriate. The ALJ failed to fully explain the weight he gave to Dr. Moore's assessment of plaintiff's environmental and functional limitations. On remand, the ALJ must fully explain the weight given to Dr. Moore's opinion and the other medical opinion evidence in the record as required by 20 C.F.R. § 416.927(f)(2)(ii). If the ALJ determines that plaintiff has additional restrictions supported by substantial evidence and chooses to consult with and rely on the testimony of a vocational expert at step four or five the sequential evaluation, the ALJ should incorporate all of the assessed limitations supported by the medical record into any hypothetical presented to the vocational expert.[3]

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security

---

[3] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to present the vocational expert with a complete hypothetical, make sufficient findings at step five of the sequential evaluation, consider plaintiff's treating psychiatrist's low GAF assessment, and fully develop the record. As explained above, however, the ALJ's error in failing to properly explain the weight given to Dr. Moore's assessed limitations constitutes sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.

1  Administration and REMANDS this action for further administrative proceedings consistent with
2  this Memorandum Opinion and Order.
3  **LET JUDGMENT BE ENTERED ACCORDINGLY.**
4  DATED: June 2, 2009

        /s/ Jennifer T. Lum
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE